## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

SHEKERIA STEWART,

      Plaintiff,

                                    Case No. 6:15-cv-00688-GAP-KRS

v.

EQUIFAX INFORMATION SERVICES LLC
and VW CREDIT, INC.,

      Defendants.


## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1.      Equifax admits Plaintiff's action is for statutory, actual, and punitive damages under the Fair Credit Reporting Act ("FCRA").  Equifax denies it violated the FCRA or any other law and denies the remaining allegations in Paragraph 1.

2.      Equifax states Paragraph 2 is merely a narrative and contains no allegations against Equifax.  To the extent anything in Paragraph 2 can be construed as an allegation against

Equifax, those allegations are denied.

3.     Equifax states Paragraph 3 is merely a narrative and contains no allegations against Equifax.  To the extent anything in Paragraph 3 can be construed as an allegation against Equifax, those allegations are denied.

4.     Equifax states Paragraph 4 is merely a narrative and contains no allegations against Equifax.  To the extent anything in Paragraph 4 can be construed as an allegation against Equifax, those allegations are denied.

5.     Equifax states that the provision of the statute purportedly quoted in Paragraph 5 speaks for itself.  Equifax further states that Paragraph 5 contains no allegations against Equifax. To the extent anything in Paragraph 5 can be construed as an allegation against Equifax, those allegations are denied.

6.     Equifax states that the provision of the statute purportedly quoted in Paragraph 6 speaks for itself.  Equifax further states that Paragraph 6 contains no allegations against Equifax. To the extent anything in Paragraph 6 can be construed as an allegation against Equifax, those allegations are denied.

7.     Equifax states Paragraph 7 is merely a narrative and contains no allegations against Equifax.  Equifax further states that the case quoted in Paragraph 7 speaks for itself.  To the extent anything in Paragraph 7 can be construed as an allegation against Equifax, those allegations are denied.

8.     Equifax admits jurisdiction is proper in this Court.

9.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.    Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 10.

11.     Equifax denies it is a Georgia corporation. Equifax admits its principal place of business is at 1550 Peachtree Street, Atlanta, Georgia, 30309. Equifax further states it is a limited liability company formed under the laws of the State of Georgia.

12.     Equifax admits the allegations in Paragraph 12.

13.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Equifax denies the allegations in Paragraph 15.

16.     Equifax states that the provision of the statute purportedly quoted in Paragraph 20 speaks for itself.  Equifax further states that Paragraph 20 contains no allegations against Equifax.  To the extent anything in Paragraph 20 can be construed as an allegation against Equifax, those allegations are denied.

17.     Equifax states that the provision of the statute purportedly quoted in Paragraph 17 speaks for itself.  Equifax further states that Paragraph 17 contains no allegations against Equifax.  To the extent anything in Paragraph 17 can be construed as an allegation against Equifax, those allegations are denied.

18.     Equifax states that the provision of the statute purportedly quoted in Paragraph 18 speaks for itself.  Equifax further states that Paragraph 18 contains no allegations against Equifax.  To the extent anything in Paragraph 18 can be construed as an allegation against Equifax, those allegations are denied.

19.     Equifax states that the provision of the statute purportedly quoted in Paragraph 19

speaks for itself. Equifax further states that Paragraph 19 contains no allegations against Equifax. To the extent anything in Paragraph 19 can be construed as an allegation against Equifax, those allegations are denied.

20.     Equifax states that the provision of the statute purportedly quoted in Paragraph 20 speaks for itself. Equifax further states that Paragraph 20 contains no allegations against Equifax. To the extent anything in Paragraph 20 can be construed as an allegation against Equifax, those allegations are denied.

21.     Equifax states that the provision of the statute purportedly quoted in Paragraph 21 speaks for itself. Equifax further states that Paragraph 21 contains no allegations against Equifax. To the extent anything in Paragraph 21 can be construed as an allegation against Equifax, those allegations are denied.

22.     Equifax states that the provision of the statute purportedly quoted in Paragraph 22 speaks for itself. Equifax further states that Paragraph 22 contains no allegations against Equifax. To the extent anything in Paragraph 22 can be construed as an allegation against Equifax, those allegations are denied.

23.     Equifax states that the provision of the statute purportedly quoted in Paragraph 23 speaks for itself. Equifax further states that Paragraph 23 contains no allegations against Equifax. To the extent anything in Paragraph 23 can be construed as an allegation against Equifax, those allegations are denied.

24.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Equifax states that the report purportedly referred to in Paragraph 26 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the report, the allegations are denied.

27.     Equifax states that the report purportedly referred to in Paragraph 27 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the report, the allegations are denied.

28.     Equifax states that the report purportedly referred to in Paragraph 28 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the report, the allegations are denied. Equifax denies it falsely reported any information on Plaintiff's credit file.

29.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Equifax admits it received a dispute from Plaintiff dated in or about January of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 30 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

31.     Equifax denies the allegations in Paragraph 31 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

32.     Equifax admits it received a dispute from Plaintiff dated in or about February of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 32 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

33.     Equifax denies the allegations in Paragraph 33 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

34.     Equifax admits it received a dispute from Plaintiff dated in or about February of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 34 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

35.     Equifax denies the allegations in Paragraph 35 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

36.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Equifax admits it received a dispute from Plaintiff dated in or about March of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 37 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

38.     Equifax denies the allegations in Paragraph 38 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38.

39.     Equifax admits it received a dispute from Plaintiff dated in or about April of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 39 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

40.     Equifax denies the allegations in Paragraph 40 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40.

41.     Equifax states that the report purportedly referred to in Paragraph 41 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the report, the allegations are denied. Equifax denies it falsely reported any information on Plaintiff's credit file.

42.     Equifax admits it received a dispute from Plaintiff dated in or about May of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 42 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

43.     Equifax denies the allegations in Paragraph 43 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43.

44.     Equifax states that the report purportedly referred to in Paragraph 44 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the report, the allegations are denied. Equifax denies it falsely reported any information on Plaintiff's credit file.

45.     Equifax admits it received a dispute from Plaintiff dated in or about June of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 45 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

46.     Equifax denies the allegations in Paragraph 46 that apply to it. Equifax is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46.

47.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     Equifax admits it received a dispute from Plaintiff dated in or about June of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 48 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

49.     Equifax denies the allegations in Paragraph 49 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49.

50.     Equifax admits it sent results of its investigation in or about June of 2013. Equifax states that results referred to in Paragraph 50 speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the results, the allegations are denied. Equifax denies any allegation it falsely reported information on Plaintiff's credit file.

51.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51. Equifax denies any allegation it falsely reported information on Plaintiff's credit file.

52.     Equifax admits it received a dispute from Plaintiff dated in or about July of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 52 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

53.     Equifax denies the allegations in Paragraph 53 that apply to it. Equifax is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53.

54.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.     Equifax admits it received a dispute from Plaintiff dated in or about July of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 55 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

56.     Equifax denies the allegations in Paragraph 56 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56.

57.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.     Equifax admits it received a dispute from Plaintiff dated in or about August of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 58 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

59.     Equifax denies the allegations in Paragraph 59 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59.

60.     Equifax admits it received a dispute from Plaintiff dated in or about August of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 60 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the

dispute with Equifax, the allegations are denied.

61.     Equifax denies the allegations in Paragraph 61 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61.

62.     Equifax admits it sent results of its investigation in or about August of 2013. Equifax states that results referred to in Paragraph 62 speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the results, the allegations are denied. Equifax denies any allegation it falsely reported information on Plaintiff's credit file.

63.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     Equifax admits it received a dispute from Plaintiff dated in or about August of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 65 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

66.     Equifax denies the allegations in Paragraph 66 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66.

67.     Equifax states that the communication purportedly referred to in Paragraph 67 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communication, the allegations are denied. Equifax denies it falsely reported any information on Plaintiff's credit file.

68.     Equifax admits it sent results of its investigation in or about August of 2013. Equifax states that results referred to in Paragraph 68 speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the results, the allegations are denied. Equifax denies any allegation it falsely reported information on Plaintiff's credit file.

69.     Equifax admits it received a dispute from Plaintiff dated in or about September of 2013. Equifax states that the dispute with Equifax referred to in Paragraph 69 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

70.     Equifax denies the allegations in Paragraph 70 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70.

71.     Equifax admits it sent results of its investigation in or about September of 2013. Equifax states that results referred to in Paragraph 71 speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the results, the allegations are denied. Equifax denies any allegation it falsely reported information on Plaintiff's credit file.

72.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.     Equifax states that the communication purportedly referred to in Paragraph 75 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of

context the communication, the allegations are denied.

76.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77.     Equifax states that the communications purportedly referred to in Paragraph 77 speak for themselves and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communications, the allegations are denied.

78.     Equifax states that the communication purportedly referred to in Paragraph 78 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communication, the allegations are denied.

79.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.     Equifax states that the communications purportedly referred to in Paragraph 80 speak for themselves and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communications, the allegations are denied.

81.     Equifax states that the communication purportedly referred to in Paragraph 81 speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communication, the allegations are denied.

82.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     Equifax denies the allegations in Paragraph 84 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 84.

85.     Equifax denies the allegations in Paragraph 85 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85.

86.     Equifax denies the allegations in Paragraph 86 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86.

87.     Equifax states that the dispute with Equifax referred to in Paragraph 87 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

88.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.     Equifax denies the allegations in Paragraph 89 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89.

90.     Equifax denies the allegations in Paragraph 90 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90.

91.     Equifax denies the allegations in Paragraph 91 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91.

92.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     Equifax denies the allegations in Paragraph 93 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93.

94.     Equifax denies the allegations in Paragraph 94 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94.

95.     Equifax denies the allegations in Paragraph 95 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95.

96.     Equifax denies the allegations in Paragraph 96 that apply to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96.

97.     Equifax denies the allegations in Paragraph 97.

98.     Equifax denies the allegations in Paragraph 98.

99.     Equifax denies the allegations in Paragraph 99.

100.    Equifax denies the allegations in Paragraph 100.

101.    Equifax denies the allegations in Paragraph 101.

102.    Equifax denies the allegations in Paragraph 102.

103.    Equifax denies the allegations in Paragraph 103.

104.    Equifax denies the allegations in Paragraph 104.

105.    Equifax denies the allegations in Paragraph 105.

106.    Equifax denies the allegations in Paragraph 106.

107.    Equifax denies the allegations in Paragraph 107.

108.    Equifax denies the allegations in Paragraph 108.

109.    Equifax denies the allegations in Paragraph 109.

110.    Equifax denies the allegations in Paragraph 110.

111.    Equifax denies the allegations in Paragraph 111.

112.    Equifax denies the allegations in Paragraph 112.

113.    Equifax denies the allegations in Paragraph 113.

114.    Equifax denies the allegations in Paragraph 114.

115.    Equifax denies the allegations in Paragraph 115.

116.    Equifax denies the allegations in Paragraph 116.

117.    Equifax denies the allegations in Paragraph 117.

118.    Equifax denies the allegations in Paragraph 118.

119.    Equifax denies the allegations in Paragraph 119.

120.    Equifax denies the allegations in Paragraph 120.

121.    Equifax denies the allegations in Paragraph 121.

122.    Equifax denies the allegations in Paragraph 122.

123.    Equifax denies the allegations in Paragraph 123.

124.    Equifax denies the allegations in Paragraph 124.

125.    Equifax denies the allegations in Paragraph 125.

126.    Equifax denies the allegations in Paragraph 126.

127.    Equifax denies the allegations in Paragraph 127.

128.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129.    Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 129.

130.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.

134.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134.

135.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135.

136.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136.

137.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137.

138.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

139.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.

140.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

143.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143.

144.    Equifax denies Plaintiff is entitled to any relief claimed in the "WHEREFORE" Paragraph.

145.    Equifax admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

**THIRD DEFENSE**

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

**FOURTH DEFENSE**

The Complaint is barred by the fault and negligence of other persons or entities and plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

**FIFTH DEFENSE**

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**SIXTH DEFENSE**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same.  Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

**SEVENTH DEFENSE**

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

**EIGHTH DEFENSE**

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool*

*Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## NINTH DEFENSE

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

## TENTH DEFENSE

Equifax reserves the right to assert additional defenses that it learns through the course of discovery.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations in 15 U.S.C. § 1681p.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     Equifax be dismissed as a party to this action;

(3)     Equifax receive a trial by jury for all issues so triable;

(4)     Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 4th day of June, 2015.


By: */s/ J. Anthony Love*
       J. Anthony Love
       Florida Bar No. 67224
       King & Spalding LLP
       1180 Peachtree Street, N.E.

Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
tlove@kslaw.com

Counsel for Defendant Equifax Information
Services LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served by using the court's CM/ECF system, on the following counsel of record in this case:

Aaron M. Swift
Gregory Harrison Lercher
Ian Richard Leavengood
Leavengood, Dauval, Boyle & Meyer PA
3900 First St N Ste 100
St Petersburg, FL 33703-6109

Andrew Kemp-Gerstel
Ashlie Nicole Tarpley
Liebler, Gonzalez & Portuondo, PA
Suite 2500
44 W Flagler St
Miami, FL 33130-1808

This 4th day of June, 2015.

/s/ J. Anthony Love
J. Anthony Love